## J. F. Collins v. The State.

1. Recognizance or a Bail Bond is forfeited by calling the name of · the defendant distinctly at the door of the court house, and if the defendant do not appear within a reasonable time after such call is made, judgment is entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties the amount of money in which they are respectively bound; which judgment shall state that the same shall be made final unless good cause be shown at the next term of the court why the defendant did not appear.

2. Judgment Nisi, to be valid, shall state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear. Process citing the parties to appear at the next term of the court and show cause why judgment *nisi* should not be made final and absolute will not supply the omission of that clause from the judgment *nisi*.

Error from the District Court of Callahan. Tried below before the Hon. T. L. Hutchison.

This error was prosecuted from the forfeiture of the appearance bond of W. C. Tinker bailed under an affidavit charging theft of a mare. The amount of the bond and judgment was $500.

*C. I. Evans*, for the plaintiff in error.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J.  "Recognizances and bail bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the door of the court house, and, if the defendant do not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound and of his sureties the amount of money in which they are respectively bound; *which judgment shall state that the same will be made final unless good cause be shown at the next*

*term of the court why the defendant did not appear.*"
Code Crim. Proc. art. 441. To be valid a judgment *nisi*
must "state that the same will be made final unless good
cause be shown at the next term of court why the de-
fendant did not appear." The statute uses the words
"which judgment *shall* state," etc., showing that the
statement is essential and that the requirement is
mandatory.

In the case before us the bail bond was declared for-
feited and a judgment rendered that the State of Texas
do have and recover of the principal and his sureties
(naming them) the sum of five hundred dollars, but, in-
stead of stating that the judgment would "be made final
unless good cause be shown at the next term of court,"
etc., as the statute requires, the recital is "and it is
further ordered by the court that writs of *scire facias* do
issue against each of said sureties, notifying them to be
and appear at the next term of this court to be held in
and for the county of Callahan at the court house thereof
in the town of Belle Plain on the fourth Monday after
the first Monday in August, A. D. 1880, to show cause,
if any they may have, why said *judgment nisi* as here
entered shall not be made final and absolute." This re-
cital would be good and sufficient in the citation to the
sureties (Code Crim. Proc. art. 442), but it does not
supply that statement in the judgment which the statute
requires.

Because the judgment *nisi* was not rendered in con-
formity to law, the judgment final which is here appealed
from is reversed and the cause remanded for a new trial.

*Reversed and remanded.*